# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROBERT SCOTT, | Civil No. 11-3737 (JRT/HB) |
| Plaintiff, | |
| v. | |
| LORI SWANSON, MARK DAYTON, DENNIS BENSON, LUCINDA JESSON, CAL LUDEMAN, GREG CARLSON, KEVIN MOSER, DAVID PRESCOTT, JANINE HEBERT, TOM LUNDQUIST, ELIZABETH BARBO, STEPHANIE DANIELSON, DAN DORAN, STEVE SAYAVITZ, DOMINIQUE WILSON, ALLISON COLLINS, DARRIAN MENTEN, TERRY KNEISEL, SARA KULAS, DONALD GEIL, VICKIE ALDRIDGE, DEBBIE THAO, JULIE ROSE, BRIAN NINNEMAN, BLAKE CAREY, RON FISCHER, SCOTT GIANINNI, STEVE SADJEK, HECTOR ORTIZ, MICHELLE DALBEC, SCOTT BENOIT, ANITA MOONEN, WILLIAM GULLICKSON, TIM GORE, ANN ZIMMERMAN, ERIC SKON, JULIANNA L. BEAVENS, JENNIFER ABSON, SUE JOHNSON, JASON JOHNSON, NATE JOHNSON, LAURIE SEVERSON,  1-4 JOHN DOE A-TEAM MEMBERS, HENNEPIN COUNTY SOCIAL SERVICES, and NICOLE ARMSTRONG, *Each sued in their individual capacity and in their Official capacity as employees of the State Attorney General's Office, the Governor's Office and the Minnesota Department of Human Services;* | **MEMORANDUM OPINION AND ORDER DISMISSING CASE** |
| Defendants. | |

On December 29, 2011, Plaintiff Robert Scott brought this 42 U.S.C. §§ 1983 and 1985 action against Defendants alleging various violations of the U.S. Constitution and the Minnesota Civil Commitment & Treatment Act.  (Compl., Dec. 29, 2011, Docket No. 1.) That same day, Scott filed a motion to proceed In Forma Pauperis and a Motion for a Temporary Restraining Order and Preliminary Injunction.  (Docket Nos. 2 and 6.)  Before the Court could rule on Scott's motions, however, the matter was stayed pending the outcome of *Karsjens et al. v. Piper et al.*, Civil No. 11-3659 (DWF/TNL).  (Order Staying Case, Jan. 25, 2012, Docket No. 9.)

On April 2, 2020, after five amended Orders extending the stay (Docket Nos. 10, 12, 13, 14, and 15), the Court sent the parties a letter noting that the *Karsjens* matter was still pending but now fully briefed and before the Eighth Circuit,  (Letter, Docket No. 16.) The Court noted that as soon as the Eighth Circuit resolved the matter the stay would be lifted.  (*Id.*)

On April 24, 2020, the Court was informed by the Minnesota Department of Human Services that Scott had passed away on October 9, 2019.  (Letter, Docket No. 19.)

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

-3-

Fed. R. Civ. P. 25(a)(1).

More than 90 days have passed since the Court was notified of Scott's death on April 24, 2020 and no motion to substitute has been made. Accordingly, the Court will dismiss the action by the decedent.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 2, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court